WALTER A. SCHAEFER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schaefer v. Commissioner
Docket No. 19819-89
United States Tax Court
T.C. Memo 1990-195; 1990 Tax Ct. Memo LEXIS 214; 59 T.C.M. (CCH) 425; T.C.M. (RIA) 90195; April 16, 1990
Larry N. Johnson, for the petitioner. Thomas N. Tomashek, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent *215 determined deficiencies in and additions to petitioner's Federal income tax as follows: Addition to tax, section
Year
Deficiency
6653(a) [1]
6651(a)(1)
1974
$ 13,941.00
$   697.00
$  3,485.00
1975
29,424.00
1,471.00
7,356.00
1976
29,704.00
1,485.00
7,426.00
1977
53,913.00
2,696.00
13,478.00
1978
74,053.00
3,703.00
18,513.00
This case is before us on the parties' cross Motions to Dismiss for Lack of Jurisdiction. Petitioner's motion is based upon an allegedly invalid notice of deficiency. Respondent's motion is based upon an untimely filed petition. The sole issue for decision is the ground upon which this case will be dismissed. FINDINGS OF FACT This case was submitted fully stipulated under Rule 122. The Stipulation of Facts and attached exhibits are incorporated by reference. Petitioner resided in Federal Way, Washington, at the time the petition in this case was filed. Petitioner last filed *216 an income tax return on June 3, 1974. That return concerned his 1973 taxable year and bore an address for a post office box in Maple Valley, Washington (the Maple Valley address). Respondent has not corresponded with petitioner at that address since early 1979. In April 1979, respondent initiated a criminal investigation of petitioner with respect to taxable years 1976, 1977, and 1978. During the criminal investigation, from April 1979 until June 1982, petitioner consistently represented to respondent his business address, and the address to which he desired respondent send any communications concerning his tax matters, was located in Kent, Washington (the Kent address). In June 1982, by letter sent to the Kent address, respondent notified petitioner he was no longer under criminal investigation by respondent, no basis for criminal prosecution of petitioner having been found. Petitioner was also informed his matter was being reassigned to the Examination Division of respondent's District Director's Office in Seattle for consideration. In June 1982, Robin Courtnage (Agent Courtnage), a revenue agent in the Seattle Examination Division, was assigned the audit of petitioner's *217 taxable years 1974, 1975, 1976, 1977, and 1978 (the 74-78 Examination). At some time after March 29, 1985, respondent's computer records were changed to show petitioner's last known address to be the Kent address rather than the Maple Valley address. Thereafter, until approximately May 15, 1987, respondent used the Kent address for purposes of communicating with petitioner. On August 7, 1985, Agent Courtnage completed her report of the 74-78 Examination. In her report Agent Courtnage reflected the Kent address as petitioner's last known address. Thereafter, Agent Courtnage submitted the case file for the 74-78 Examination to respondent's Centralized Review in San Francisco, California. In September 1986, the case file was transferred from Centralized Review back to the Seattle Examination Division for preparation and issuance of a notice of deficiency. As discussed below, a notice of deficiency for the 74-78 Examination was not issued to petitioner until March 22, 1988. During the pendency of the 74-78 Examination, Agent Courtnage never communicated or corresponded with petitioner. Agent Courtnage's first communication with petitioner was on November 13, 1985, when Agent *218 Courtnage sent petitioner a letter at the Kent address indicating income tax returns for taxable years 1979 through 1984 had not been filed and requesting petitioner to file such returns. After sending that request, Agent Courtnage initiated an examination of petitioner's 1979 through 1984 taxable years (the 79-84 Examination). On January 28, 1986, petitioner rented a mailbox from the Pony Express Mailbox & Message Center in Federal Way, Washington (the Federal Way address). On January 30, 1986, petitioner filed with the United States Postal Service (USPS) a PS Form 1583, Application for Delivery of Mail Through Agent. That application authorized USPS to effect delivery of mail sent to petitioner at the Federal Way address, by delivering that mail to petitioner's agent, the Pony Express Mail & Message Center. Also on that date, petitioner submitted to USPS a Form 3575, Mail Forwarding Instruction, requesting mail addressed to petitioner at the Kent address be forwarded to petitioner at the Federal Way address. From January 30, 1986, until the Mail Forwarding Instruction expired on January 30, 1987, all mail addressed to petitioner at the Kent address was forwarded by USPS *219 to the Federal Way address. Prior to October 1986, Agent Courtnage was responsible for the 79-84 Examination. At some point in time between October 1986 and March 1987, responsibility for that examination was transferred from Agent Courtnage to Wayne Reid (Agent Reid), another revenue agent in the Seattle Examination Division. Immediately upon receipt of the 79-84 Examination, Agent Reid expanded the examination to also include petitioner's 1985 taxable year. After being assigned the 79-84 Examination, in April 1987, Agent Reid made a physical examination of the property located at the Kent address. Agent Reid discovered the building at that address was unoccupied and the windows were boarded up. On May 11, 1987, in connection with the 79-84 Examination, Agent Reid issued a summons, relating to petitioner's taxable years 1980 through 1985, to a third-party record holder. On May 12, 1987, Agent Reid sent notice of that summons to petitioner by certified mail addressed to the Kent address. On May 13, 1987, this notice of summons was returned undelivered to Agent Reid by USPS since the forwarding instruction from the addressee, i.e., petitioner, had expired and petitioner's *220 mail could no longer be delivered at the Kent address. The returned notice had a sticker attached to it stating: Sch 27 5R146621 Fwd Time Expd :Schaefer - Walter A., [the Federal Way address], Return to Sender. On May 15, 1987, Agent Reid again sent the notice of summons to petitioner by certified mail, this time using the Federal Way address instead of the Kent address. The remailed notice was received by petitioner at the Federal Way address on May 22, 1987. Agent Reid received a certified mail return receipt from USPS indicating the item was delivered to, and received by, the addressee at the address to which it was sent. Beginning on May 22, 1987, all mail from Agent Reid to petitioner was sent exclusively to the Federal Way address. This was a result of Agent Reid's discovery of the Kent address being unoccupied, the notice of summons sent to the Kent address being returned undelivered, Agent Reid's subsequent remailing of that notice to the Federal Way address, and the acknowledged receipt of the notice of summons by petitioner at the Federal Way address. The mail subsequently sent by Agent Reid to petitioner at the Federal Way address includes four notices *221 of summonses to third-party record holders, sent to petitioner on June 17, July 7, July 8, and July 10, 1987. On February 22, 1988, Agent Reid also sent to petitioner at the Federal Way address a letter requesting petitioner to make an appointment with Agent Reid for an informal discussion of petitioner's tax deficiencies for taxable years 1980 through 1986. At no time prior to issuance of the notice of deficiency in question did Agent Reid cause respondent's computer records to be updated to reflect the Federal Way address for petitioner. Agent Reid neglected to take such action despite having learned the address on file for petitioner was no longer operative, and despite having learned of a new address at which mail was delivered to, and received by, petitioner. Again, in September 1986, the 74-78 Examination's case file was transferred from Centralized Review in San Francisco back to the Seattle Examination Division for preparation and issuance of a notice of deficiency. The Seattle Examination Division forwarded the 74-78 Examination's case file to its Notices Section for preparation and issuance of a notice of deficiency. The Notices Section is a review staff within the *222 Seattle Examination Division responsible for the review and issuance of notices of deficiency determinations made with respect to examinations conducted by that division. After the 74-78 Examination's notice of deficiency was prepared, Barbara Knight (Knight), Chief of the Notices Section, reviewed the case file and the notice of deficiency and determined the case was "likely to be litigated." The Seattle Notices Section at that time had an "operating agreement" with Seattle District Counsel under which the notice of deficiency of any case likely to be litigated would be referred to the District Counsel's Office for its review and approval prior to issuance. In fall 1987, because litigation was considered likely, Knight referred the 74-78 Examination's notice of deficiency to Seattle District Counsel's Office for its review and approval. In November 1987, the 74-78 Examination's notice of deficiency was returned by District Counsel's Office to the Notices Section. The District Counsel's Office approved the form of the notice but recommended delaying its issuance to petitioner if the 79-84 Examination had been or was likely to be referred for criminal investigation. After *223 District Counsel returned the 74-78 Examination's case file to the Notices Section, Knight contacted Agent Reid to ascertain whether the 79-84 Examination was still under way, and to determine whether referral of that case for criminal prosecution was likely. Agent Reid informed Knight he had not yet referred the 79-84 Examination for criminal prosecution but he planned to make such a referral. During this conversation, which took place in November 1987, Agent Reid did not inform Knight he had discovered a new address for petitioner earlier in the year, in May 1987. Further, Knight did not ask Agent Reid if a new address was being used for communicating with petitioner. In December 1987 or January 1988, Agent Reid referred the 79-84 Examination for criminal investigation. In February 1988, the Seattle Criminal Investigation Division declined criminal prosecution of petitioner for those years. On March 22, 1988, the Seattle District Director sent to petitioner by certified mail the notice of deficiency for taxable years 1974 through 1978, the years at issue in the case at bar. The address used by the District Director for mailing the notice of deficiency was the Kent address. *224 [2] On March 23, 1988, USPS returned the notice of deficiency to the Seattle District Director's Office, Examination Division, with the notation: "Fwd. Order Expired." The notice of deficiency and the envelope in which it was mailed were placed in the 74-78 Examination's case file. Respondent did not take any further action to determine if another address for petitioner was available. Petitioner did not receive a copy of the notice of deficiency concerning the 74-78 Examination and had no actual knowledge the notice was sent by respondent. Petitioner did not become aware the 74-78 Examination's notice of deficiency was issued until after respondent initiated collection action against petitioner for assessments made with respect to the deficiencies determined in that notice. On August 11, 1989, after learning of respondent's collection activities, petitioner filed his petition in this case. That date is 507 days after the date the notice of deficiency was *225 issued by respondent. OPINION To maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. ; . The parties assert this Court lacks jurisdiction over this case -- petitioner because of an allegedly invalid notice of deficiency and respondent because of an untimely petition. The sole issue for decision is the jurisdictional ground upon which this case will be dismissed. Appeal in this case lies in the Court of Appeals for the Ninth Circuit. Respondent must give notice to the taxpayer before he may assess or collect any deficiency. Sec. 6213(a). Respondent is authorized to send notice of a deficiency determination to a taxpayer by certified or registered mail. Sec. 6212(a). A notice of deficiency is valid insofar as the jurisdiction of this Court is concerned, even if it is not received by the taxpayer, if it is mailed to the taxpayer at his or her last known address. Sec. 6212(b)(1); , affd. . If a *226 valid notice of deficiency is issued, the taxpayer has, under usual circumstances, 90 days within which to invoke this Court's jurisdiction by filing a petition with this Court. Sec. 6213(a). The term "last known address" is not defined by either the Internal Revenue Code or the regulations. In general, we have defined it as "the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which all communications during such period should be sent." ; . We have further held a taxpayer's last known address is that address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. . Absent clear and concise notification from the taxpayer of a new address, respondent is entitled to treat the address shown on the taxpayer's most recently filed return as the taxpayer's last known. . *227 However, a taxpayer's most recently filed return is merely a starting point for respondent. If, after the date the taxpayer's most recently filed return is filed, respondent becomes aware of a change in the taxpayer's address, respondent must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the taxpayer at his or her correct address. ; ; , affd. without published opinion ; . If respondent fails to exercise reasonable care and issues a notice of deficiency to a taxpayer at an address which is not the taxpayer's last known, that notice is invalid. In determining whether respondent exercised the requisite reasonable care, the focus is on what respondent knew at the time he issued the notice of deficiency and whether, in light of all surrounding facts and circumstances, he used an address to which he reasonably believed the taxpayer wanted respondent *228 to send the notice. ; ; . Whether respondent properly discharged his obligation is a question of fact. . Throughout the criminal investigation of petitioner for taxable years 1974 through 1978, we find petitioner continuously represented to respondent the Kent address was the address he wished respondent to use for purposes of communicating with petitioner about his tax matters. Accordingly, we find the Kent address replaced the Maple Valley address as petitioner's last known address for at least that period of time between January 1983 and January 1987. Because the notice of deficiency was issued to the Kent address on March 22, 1988, however, we must determine whether the Kent address was superseded as petitioner's last known address by the Federal Way address at some point in time after January 1987 but prior to the date the notice of deficiency in question was issued. Petitioner asserts, when Agent Reid began to use the Federal *229 Way address exclusively for purposes of communicating with petitioner, respondent had notice of an address change and a new address for petitioner. Respondent argues the Federal Way address never superseded the Kent address as petitioner's last known because petitioner never took any affirmative action to notify respondent of his desire for respondent to use the Federal Way address for purposes of communicating with petitioner. We agree with petitioner. We find the facts of this case to be closely analogous to those of In that case we found a District Director's Office had notice of a new address for a taxpayer when issuing a notice of deficiency. We found the District Director's Office to have such notice based on our finding that an agent within that District Director's Office was actually communicating with the taxpayer, at the taxpayer's new address, for some time prior to issuance of the notice of deficiency. We held: Once such correspondence has occurred, albeit that it pertained to years other than those with respect to which the notice of deficiency was issued, the taxpayer should reasonably be able to assume that all future *230 mailings from the same District Director's office would also be sent to the address recently used for the prior correspondence. * * * [.] See also ; , vacated and remanded on other grounds ; ; . The same conclusion is compelled in the case at hand. Agent Reid became aware of, and thereafter used exclusively, petitioner's new address, the Federal Way address. Agent Reid, himself a member of the Seattle Examination Division, did nothing to communicate to the rest of that division petitioner's new address. Agent Reid failed to disseminate that information throughout the Examination Division even though he was aware issuance of a notice of deficiency concerning the 74-78 Examination was being held in the Notices Section pending completion of the 79-84 Examination. Because of Agent Reid's failure, the Notices Section of the Seattle *231 Examination Division issued the notice of deficiency in question to petitioner at the Kent address rather than the Federal Way address. Further, because of Agent Reid's exclusive use of the Federal Way address for communicating with petitioner, petitioner was entitled to assume all future mailings from the same District Director's Office would also be sent to that address. Although petitioner could have taken affirmative steps to ensure respondent had petitioner's current address, such as filing returns for the years at issue, responsibility for the notice of deficiency being mailed to petitioner's old address lies at respondent's feet, not petitioner's. Because respondent did not mail the 74-78 Examination's notice of deficiency to petitioner at his last known address, that notice of deficiency is invalid. Accordingly, we do not have jurisdiction over the case at bar. We note petitioner has not filed Federal income tax returns for the years at issue. Thus, it appears the period of limitations is still open for purposes of respondent's making an assessment against petitioner of the deficiencies determined with respect to those years. Without fear of an expiring period of limitations, *232 respondent could have, prior to this proceeding being filed and with the consent of petitioner, rescinded the notice of deficiency at issue in this case under section 6212(d). Because petitioner here asserts the notice of deficiency in question was invalid, petitioner we believe would have consented to the rescinding of that notice. If respondent had with petitioner's consent rescinded the notice in question, he could have then issued another notice of deficiency to petitioner at the Federal Way address. Such action would have prevented this litigation. For the reasons stated, Respondent's motion to dismiss will be denied and Petitioner's motion to dismiss will be granted. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. The notice of deficiency bears the Kent address. The envelope in which it was mailed bears an address identical to the Kent address but for one minor discrepancy. The parties agree the discrepancy is inconsequential.↩